UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SHARMIN SAEIDI | § |
| | § |
| VS. | § CIVIL ACTION NO. 7:26-CV-23 |
| | § |
| PAMELA JO BONDI, *et al.* | § |

## ORDER TO TRANSFER

Petitioner Sharmin Saeidi, a federal prisoner proceeding with retained counsel, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Petitioner has been detained by U.S. Immigration and Customs Enforcement (ICE) since November 20, 2025. In this action, Petitioner challenges the legality of her detention. (*Id.*) At the time Petitioner filed her § 2241 petition, she was, and still is, incarcerated at the El Valle Detention Center, which is located within the Brownsville Division of the Southern District of Texas.

For the reasons explained below, because jurisdiction in the McAllen Division is improper, the undersigned finds that this action should be transferred to the Brownsville Division of the Southern District of Texas.

## I.  BACKGROUND

As noted, on January 16, 2026, Petitioner filed this action challenging the legality of her detention by ICE. (Docket No. 1, at 1.) According to Petitioner, she has been detained at the El Valle Detention Facility since November 20, 2025. (*Id.* at 2, 6.) Petitioner entered the United States on March 29, 2025, and later "filed a defensive form I-589, Application for Asylum, Withholding of Removal and protection under the Convention Against Torture ("CAT")." (*Id.* at 6.) Her asylum application was denied on November 20, 2025, after the Immigration Judge ("IJ") "deemed it abandoned" on the grounds that it was "incomplete." (*Id.*) "As a result, the IJ ordered

[her] removal to Iran and Petitioner was detained by ICE at the El Valley Detention Facility, in Raymondville, Texas, where she currently remains." (*Id.*) She appealed this decision to the Board of Immigration Appeals ("BIA"), which remains pending. (*Id.*)

## II.  ANALYSIS

Before analyzing Petitioner's claim, the Court must first determine whether it has jurisdiction to address Petitioner's § 2241 petition and the authority to grant the relief she seeks. *See Fain v. Duff*, 488 F.2d 218, 221 (5th Cir. 1973) (in all cases in federal court, "the first question to which we must address ourselves is that of jurisdiction provided by a statute"); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district court must have jurisdiction to consider the merits) (citing *Solsona v. Warden*, 821 F.2d 1129, 1132 n.2 (5th Cir. 1987) ("[W]e raise *sua sponte* the question of the district court's jurisdiction")). "Title 28 U.S.C. § 2241 grants this Court jurisdiction to hear habeas corpus petitions from aliens claiming they are held 'in violation of the Constitution or laws or treaties of the United States.'" *Maldonado v. Macias*, 150 F. Supp. 3d 788, 793 (W.D. Tex. 2015) (citing 28 U.S.C. § 2241(c)(3) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). "[D]istrict courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself." *Maldonado*, 150 F. Supp. 3d at 794 (citing *Baez v. Bureau of Immigr. and Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005)); *see also Rosales v. Bureau of Immigr. and Customs Enf't*, 426 F.3d 733, 735-36 (5th Cir. 2005) (same).

As noted, Petitioner, who is currently held in ICE custody, is not challenging the merits of her removal case; rather, she challenges her unlawful detention by ICE. (*See* Docket No. 1.) She has alleged such as being in violation of the Immigration and Naturalization Act and in violation of constitutional due process. (*Id.* at 8-12.) Because the constitutionality of Petitioner's detention

can be adjudicated without touching on the merits of any final order of removal, her pursuit of that claim is proper in this § 2241 habeas action.

In addition, it is well established that § 2241 claims must be filed in the district where the prisoner is being confined. *Lee v. Wetzel*, 244 F.3d 370, 373 (2001) ("we have firmly stated that the district of incarceration is the only district which has jurisdiction to entertain a defendant's § 2241 petition"); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (same). Furthermore, "jurisdiction over [a] habeas corpus petition attache[s] at the time of filing." *Id.* at 375 n.5 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]") and *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief.")).

Here, at the time Petitioner filed her § 2241 petition, she was, and still is, incarcerated at the El Valle Detention Center, which is located within the Brownsville Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(4). As such, Petitioner's § 2241 action should be transferred there. *Lee*, 244 F.3d at 373 ("we have firmly stated that the district of incarceration is the only district which has jurisdiction to entertain a defendant's § 2241 petition"); *see* 28 U.S.C. § 1631.[1]

---

[1] Section 1631 provides, in relevant part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1631.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **TRANSFERRED** to the Brownsville Division of the Southern District of Texas.

The Clerk shall send a copy of this Order to counsel for Petitioner.

DONE at McAllen, Texas on February 3, 2026.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE